**LEWIS BRISBOIS BISGAARD & SMITH** LLP
REBECCA R. WEINREICH, SB# 155684
  E-Mail: Rebecca.Weinreich@lewisbrisbois.com
ANGELA A. ZANIN, SB# 229149
  E-Mail: Angela.Zanin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiff TRAVELERS PROPERTY CASUALTY OF AMERICA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA REPUBLICAN PARTY, a California non-profit organization; JOSEPH PETE CHAVEZ, an individual; ABRAHAM CHAVEZ, an individual; and DOES 1 through 50,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT** |

    COMES NOW plaintiff Travelers Property Casualty Company of America ("Travelers") files the following Complaint against defendants California Republican Party ("CRP"), Joseph Pete Chavez and Abraham Chavez (Joseph and Abraham Chavez shall be collectively referred to as the "Chavezes") as follows:

## PARTIES

    1.    At all times mentioned, Travelers was a Connecticut Corporation with

its principal place of business in Hartford, Connecticut.

2. Travelers is informed and believes and based thereon alleges that CRP is a California Non-Profit Corporation with its principal place of business in Sacramento, California.

3. Travelers is informed and believes and based thereon alleges that Joseph Chavez is an individual residing in Orange County, California.

4. Travelers is informed and believes and based thereon alleges that Abraham Chavez is an individual residing in Orange County, California.

## NATURE OF ACTION

5. Travelers issued three policies to the CRP during the policy period of January 1, 2016 to January 1, 2017: (1) Commercial Automobile policy number BA-15D140A ("Auto Policy"); (2) Commercial General Liability policy number P-630-145D140A-TIL-6 ("CGL Policy"); and (3) Commercial Excess Liability (Umbrella) policy number CUP-154D140A ("Excess Policy"). True and correct copies of these policies are attached as Exhibits "A," "B" and "C" respectively and incorporated by reference. These policies are collectively referred to as "the Travelers policies."

6. CRP and the Chavezes were named in the lawsuit *Richard Ruehle and Christel Gibbins v. Joseph Pete Chavez, et al.*, Orange County Superior Court Case No. 30-2017-00912044-CU-PA-CJC, alleging causes of action for: (1) motor vehicle; (2) general negligence; (3) negligent entrustment; and (4) loss of consortium ("Underlying Action"). The plaintiffs in the Underlying Action claim injuries as a result of an accident on August 5, 2016. A true and correct copy of the complaint in the Underlying Action is attached as Exhibit "D" and is incorporated by reference.

7. CRP and the Chavezes sought coverage for the Underlying Action from Travelers under the Travelers policies. Travelers is defending CRP in the Underlying Action under a reservation of rights. Travelers is not defending the Chavezes in the Underlying Action. Travelers seeks a declaration that it has no

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-2619-6885.1

2

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

obligation to defend or indemnify CRP or the Chavezes in the Underlying Action, and that Travelers is entitled to reimbursement for any and all amounts it has expended or will expend in defending CRP in the Underlying Action.

## JURISDICTION AND VENUE

8. This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. Specifically, this Court has federal diversity jurisdiction pursuant to § 1332 because: (1) the amount in controversy exceeds $75,000.00 exclusive of interest and costs; and (2) there is complete diversity between Travelers on the one hand, and CRP and the Chavezes on the other.

9. Venue is proper in this District under 28 U.S.C. § 1391(a) because the Underlying Action is pending in this District and, upon information and belief, the accident at issue in the Underlying Action was in this District, and the Chavezes are residents of this District.

## FACTUAL ALLEGATIONS

### Underlying Action

10. Plaintiffs Richard Ruehle and Christel Gibbins sued the CRP and the Chavezes in the Underlying Action for alleged injuries as a result of an accident on August 5, 2016, on the 91 eastbound at Gypsum Canyon Road in Anaheim, California. Plaintiff Richard Ruehle alleges he was traveling eastbound on the 91 on his Yamaha motorcycle when he was struck by a Chevrolet Malibu driven by defendant Joseph Chavez, and "owned and operated by" defendant Abraham Chavez.

11. Plaintiff Christel Gibbins in the Underlying Action is the wife of Richard Ruehle, and claims she is "deprived of the love, companionship, affection, society, comfort and solace of her husband."

12. On the day of the accident, the Chavezes were working as precinct walkers under independent contractor agreements with the campaign of Eric Linder for Assembly. At the time of the accident, they were returning from their lunch

1 break to continue precinct walking.

2     13. CRP did not employ or request any of the services of the Chavezes related to the activities they were engaged in at the time of the incident. CRP did not hire, fire, recruit, pay, train, schedule the hours, or determine where the Chavezes would work. Neither of the Chavezes had either an employment agreement, or an independent contractor agreement with CRP.

    14. CRP did not own the 2004 Chevy Malibu involved in the Underlying Action accident. CRP did not loan any vehicle to the Chavezes, particularly a 2004 Chevy Malibu at any time.

## Travelers Policy Provisions

    15. The Auto Policy provides in pertinent part as follows:

    8. Hired "Autos" Only      Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households.

    9. Non-owned "Autos" Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs.

\* \* \*

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

A.  **Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\* \* \*

We have the right and duty to defend any "insured" against a "suit" asking for such damages …

1.  **Who Is An Insured**

The following are "insureds":

    a.  You for any covered "auto".

    b.  Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

        (1)  The owner or anyone else from whom you hire or borrow a covered "auto." This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

        (2)  Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

    c.  Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

16. The CGL Policy issued to CRP is endorsed under form CG 00 01 10 01, which includes an exclusion for auto use:

> **g.  Aircraft, Auto Or Watercraft**
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured.

17. The Excess Policy issued to CRP provides in pertinent part as follows:

> **SECTION I – COVERAGES**
>
> **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LAIBILITY; and COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY.**
>
> 1. **INSURING AGREEMENT.**
>
>     a.  We will pay on behalf of the insured the "ultimate net loss" in excess of the "applicable underlying limit" which the insured become legally obligated to pay as damages because of "bodily injury" . . .
>
>     This insurance applies to "bodily injury" or "property damage" only if:
>
>     (i)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place anywhere in the world;
>
>     (ii) The "bodily injury" or "property damage" occurs during the policy period;
>
>     * * *

2. **DEFENSE OF CLAIMS OR SUITS.**

   a.  We will have no duty to defend any claim or "suit" that any other insurer has a duty to defend. If we elect to join in the defense of such claims or "suits," we will pay all expenses we incur.

   b.  We will have the right and duty to defend any "suit" for damages which are payable under Coverages A or B (including damages or partly within the "retained limit") but which are not payable by a policy of "underlying insurance", or any other available insurance, because:

      (1)  Such damages are not covered; or

      (2)  The "underlying insurance" has been exhausted by the payment of claims.

\* \* \*

**SECTION II — WHO IS AN INSURED**

1. If you are designated in the Declarations as:

\* \* \*

   d.  An organization other than a partnership, join venture or limited liability company, you are an insured.

2. Each of the following is also an insured:

   a.  As respects the "auto hazard":

      (1)  Anyone using an "auto" you own, hire or borrow including any person or organization legally responsible for

such use provided it is with your permission; and

  (2) Any of your executive officers, directors, partners, employees or stockholders, operating an "auto" you do not own, hire or borrow while it is being used in your business.

None of the following is an insured under (1) or (2) above:

\* \* \*

  (b) The owner or lessee of any "auto" hired by or for you or loaned to you, and any agent or employee of such owner or lessee.

\* \* \*

## FIRST CAUSE OF ACTION

(Declaratory Relief Against CRP)

18. Travelers refers to and incorporates by reference the allegations in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. Travelers is defending CRP in the Underlying Action under a reservation of rights.

20. There is no coverage for CRP under the Travelers policies. The Chevrolet Malibu is not a covered auto under the Travelers policies, as CRP did not borrow the auto, and the Chavezes are not employees of CRP.

21. There presently exists a controversy between Travelers, on the one hand, and CRP, on the other hand, in that Travelers contends that it has no obligation to defend and/or indemnify CRP in the Underlying Action. CRP contends that coverage exists for the Underlying Action under the Travelers

1 | policies.

2 | Accordingly, a declaration of this court is necessary to determine the rights
3 | and obligations existing among Travelers and CRP.

## SECOND CAUSE OF ACTION

(Declaratory Relief Against Chavezes)

22. Travelers refers to and incorporates by reference the allegations in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

23. Travelers is not defending the Chavezes in the Underlying Action.

24. There is no coverage for the Chavezes under Travelers policies. The Chevrolet Malibu is not a covered auto under the Travelers policies, as CRP did not borrow the auto, and the Chavezes are not employees of CRP.

25. There presently exists a controversy between Travelers, on the one hand, and the Chavezes, on the other hand, in that Travelers contends that it has no obligation to defend and/or indemnify the Chavezes in the Underlying Action. The Chavezes contend that coverage exists for the Underlying Action under the Travelers policies.

26. Accordingly, a declaration of this court is necessary to determine the rights and obligations existing among Travelers and the Chavezes.

## THIRD CAUSE OF ACTION

(Reimbursement of Defense Costs from CRP)

27. Travelers refers to and incorporates by reference the allegations in paragraphs 1 through 17 of this complaint as though fully set forth herein.

28. Pursuant to the case of *Buss v. Superior Court*, 16 Cal. 4th 35 (1997), Travelers is entitled to reimbursement of defense fees and costs it has expended and/or will expend in defense of matters which were never covered under the Travelers policies. In the instant matter, Travelers has expended and will expend fees and costs defending CRP in the Underlying Action. Travelers has specifically reserved its rights to seek reimbursement of those costs.

29. Travelers requests a judgment declaring that it is entitled to reimbursement from CRP of some and/or all of the defense fees and costs expended by Travelers in defense of CRP in the Underlying Action.

WHEREFORE, Travelers prays for judgment against CRP and the Chavezes as follows:

1. On the First Cause of Action for a judgment declaring that Travelers has no obligation to defend and/or indemnify CRP in the Underlying Action under the Travelers policies;

2. On the Second Cause of Action for a judgment declaring that Travelers has no obligation to defend and/or indemnify the Chavezes in the Underlying Action under the Travelers policies;

3. On the Third Cause of Action for a judgment declaring that CRP is obligated to reimburse Travelers for some and/or all of the costs and fees paid or to be paid by Travelers in defending CRP in the Underlying Action;

4. For costs of suit incurred herein, including attorneys' fees, where permitted by conduct and/or law; and

5. For such other relief as the Court may deem just and proper.

DATED: May 3, 2019               LEWIS BRISBOIS BISGAARD & SMITH LLP


By:      /s/ Angela A. Zanin
         Rebecca R. Weinreich
         Angela A. Zanin
         Attorneys for Plaintiff TRAVELERS
         PROPERTY CASUALTY OF AMERICA